## (April 29, 1969)

■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property to be Acquired for the New Municipal Building and Others (Manhattan Civic Center Area) Bounded by Broadway and Other Streets, in the Borough of Manhattan. In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property to be Acquired for an Addition to the Site for a New Municipal Building Annex and Others (Manhattan Civic Center Area Addition) Bounded by Broadway and Other Streets, in the Borough of Manhattan. FRANCES BOEHM et al., Respondents; DUANE READE CORP. et al., Respondents-Appellants.—Judgments entered July 3, 1968, insofar as appealed from, unanimously affirmed without costs or disbursements. The several appeals herein present the basic issue as to whether the trial court erred in its determination that claimants were entitled as just compensation to the interest on the respective awards at 4% from the respective vesting dates to August 1, 1966 and at 6% from August 1, 1966 to the dates of payment. We conclude that the determination was correct and adopt the reasoning of the trial court (57 Misc 2d 156). Inasmuch, however, as the city contends that a contrary conclusion was reached in *Matter of Port Auth. Trans-Hudson Corp. (Hudson Rapid Tubes Corp.)* (20 N Y 2d 457) we comment briefly thereon. In that decision the court rejected (upon its holding in *Matter of City of New York* [*Fifth Ave. Coach Lines*], 18 N Y 2d 212) the contention of condemnees that the 4% statutory interest limitation (L. 1939, ch. 585) could not be constitutionally applied to the period subsequent to January 1, 1966. In so rejecting the contention the court wrote (20 N Y 2d 457, 473) that "No substantial reason has been suggested requiring a different result in [this] case". The absence of such "substantial reason" in that record (in contradistinction to the instant case) is revealed by a brief recital of the facts relating to that issue in *Matter of Port Auth. (supra).* There title vested in the condemnor on September 1, 1962 (48 Misc 2d 485, 487). Following the subsequent taking of proof on the question of the permissible rate of interest the trial court wrote (50 Misc 2d 613, 616): "Of the several years involved here, [1962 to 1966, inclusive] the proof is satisfactory only as to the year 1966 in establishing the statutorily prescribed 4% interest to be unjust. This is not enough to warrant a departure from the interest rate currently approved by the latest decisions of the New York appellate courts." In this framework we interpret the language of our highest court (as to the absence of a "substantial reason") to be in substance an approval of the conclusion reached in that case at the trial level by Justice LORETO. We do not construe the writing to be an effective closing of the door to future re-examination of the issue as was done herein by the late Justice GELLER. Concur—Eager, J. P., Capozzoli, Markewich and Bastow, JJ.

and Others (Manhattan Civic Center Area Addition) Bounded by Broadway and Other Streets, in the Borough of Manhattan. 290 BROADWAY, INC., et al., Respondents-Appellants; DOSSENA REALTY CORP., Appellant.— The second separate and partial decree, entered July 3, 1968, is unanimously modified, on the law and facts, as to Damage Parcel 16, with $50 costs and disbursements to claimant-appellant Dossena Realty Corp., and otherwise affirmed, without costs or disbursements. D. P. 16 affects 14 Reade Street, New York City, a seven-story and basement structure on a plot 18½ feet by 76 feet, owner-occupied and used for a bar and grill on the first floor, a banquet room on the second floor, and dressing rooms and storage purposes on the third floor. The top four floors, designated for office space, were in disuse. Part of the basement was occupied by a barber shop at $840 annually. An elevator in the building was not used. The court award of $44,500 for the land is unchallenged. The building award of $24,500, in our opinion, is inadequate. There is proof of gross rental value of $12,315, reduced by 5% for contingencies, or $615, making an adjusted rental value of $11,700. Deducting therefrom $600 for heat, as the trial court did, and other expenses of $3,526 yields a net income of $7,574. Therefrom should be deducted $2,670, the 6% annual return on land value of $44,500, which, as stated above, is unchallenged. Capitalizing the remainder of $4,904 at 12%, the rate the trial court used, yields a more realistic building value of $40,866, instead of $24,500, or a total value of land and building of $85,366. The final award should be modified to the extent of increasing the award for Damage Parcel 16 to $85,500. Settle order on notice. Concur — Stevens, P. J., Capozzoli, McNally and Steuer, JJ.